**WO**                                                                                                      SC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Phillip Murphy, | ) No. CV 12-1390-PHX-GMS (DKD) |
| Petitioner, | ) **ORDER** |
| vs. | ) |
| Federal Bureau of Prisons, | ) |
| Respondent. | ) |

Petitioner William Phillip Murphy, who is resides at Behavioral Systems Southwest, a federal halfway house in Florence, Arizona, has filed a *pro se* Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody and paid the $5.00 filing fee. (Doc. 1.) Because Petitioner fails to name a proper Respondent, his Petition will be dismissed with leave to amend.

**I.     Background**

Petitioner was convicted by a jury of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) & 924(a)(2) in this District. United States v. Murphy, No. CR09-0479-PHX-JAT, doc. 112. On April 1, 2010, Petitioner was sentenced to 45 months in prison followed by three years on supervised release. Id., doc. 132. On July 21, 2011, the Ninth Circuit denied Petitioner's appeal. Id., doc. 153.

Petitioner alleges the following additional facts: the sentencing Court recommended that Petitioner participate in a drug treatment program. On October 1, 2010, he entered into a Residential Drug Abuse Program (RDAP). (Doc. 1, ex. 1.) On October 28, 2010,

JDDL

1   Petitioner was denied an early release incentive pursuant to 18 U.S.C. § 3621(e) as precluded

2   under Program Statement (PS) 5162.05 based on his current conviction and an August 1989

3   conviction, pursuant to 28 C.F.R. § 550.55.  (Id. at 2.)  Petitioner completed RDAP on July

4   22, 2011.  On April 12, 2011, Petitioner commenced the administrative process concerning

5   the denial of an early release incentive pursuant to PS 1330.7.  Petitioner based his appeals

6   on Ninth Circuit decisions, unlike the Fifth Circuit, where he served his sentence.

7   Petitioner's appeals were denied pursuant to Fifth Circuit authority.  Petitioner is currently

8   housed in a residential re-entry center in Arizona and remains subject to BOP authority.

9   Petitioner argues that he is eligible for early release incentives under Ninth Circuit law and

10  that he has administratively exhausted his claims.

11  **II.    Petition**

12          Petitioner names Federal Bureau of Prisons as the Respondent.  He raises two grounds

13  for relief.  In Ground One, he alleges that he has been wrongly denied an early release

14  incentive by BOP.  In Ground Two, Petitioner alleges that the BOP denied a petition for

15  transfer from a facility in the Fifth Circuit to one in the Ninth Circuit in order to deny him

16  an early release incentive.

17  **III.    Failure to Name Custodian as a Respondent**

18          Petitioner names the Federal Bureau of Prisons (BOP) as the only respondent.  A

19  petitioner for habeas relief must name the official having custody of him as a respondent to

20  the petition.  Smith v. Idaho, 392 F.3d 350, 354 (9th Cir. 2004) (citing Stanley v. California

21  Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994)).  Failure to name the proper respondent

22  deprives the court of personal jurisdiction over the custodian.  Smith, 392 F.3d at 354.  In this

23  case, it appears that Petitioner is in the custody of Behavioral Systems Southwest in Florence

24  and that its director is the appropriate respondent.  See Stratton v. Hall, No. 10-107, 2010

25  WL 5922110, at *1 (E.D. Ky. Dec. 28, 2010) (substituting half-way house director as

26  respondent following transfer to half-way house); Fazzini v. U.S. Parole Com'n, .263 Fed.

27  Appx. 483 (7th Cir. 2008) (substituting the director of a halfway house as respondent on

28  appeal).  Accordingly, the Court will dismiss the Petition with leave to file an amended

1    petition naming a proper respondent.

2    **IV.     Leave to Amend**

3           For the foregoing reasons, the Petition will be dismissed with leave to amend.  Within

4    30 days, Petitioner may submit a first amended petition to cure the deficiencies outlined

5    above.  The Clerk of Court will mail Petitioner a court-approved form for filing a first

6    amended petition under 28 U.S.C. § 2241 by a federal *pro se* petitioner.

7           Petitioner must clearly designate on the face of the document that it is the "First

8    Amended Petition."  The first amended petition must be retyped or rewritten in its entirety

9    on the court-approved form and may not incorporate any part of the original Petition by

10   reference.

11   **V.     Warnings**

12          **A.     Address Changes**

13          Petitioner must file and serve a notice of a change of address in accordance with Rule

14   83.3(d) of the Local Rules of Civil Procedure.  Petitioner must not include a motion for other

15   relief with a notice of change of address.  Failure to comply may result in dismissal of this

16   action.

17          **B.     Copies**

18          Petitioner must serve Respondent, or counsel if an appearance has been entered, a

19   copy of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a

20   certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Petitioner

21   must submit an additional copy of every filing for use by the Court.  LRCiv 5.4.  Failure to

22   comply may result in the filing being stricken without further notice to Petitioner.

23          **C.     Possible Dismissal**

24          If Petitioner fails to timely comply with every provision of this Order, including these

25   warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet,

26   963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to

27   comply with any order of the Court).

28   /     /     /

1    **IT IS ORDERED:**

2        (1)    The Petition is **dismissed** for failure to name a proper respondent.  (Doc. 1.)

3    Petitioner has **30 days** from the filing date of this Order in which to file a first amended

4    petition in compliance with this Order.

5        (2)    If Petitioner fails to file an amended petition within 30 days, the Clerk of Court

6    must, without further notice, enter a judgment of dismissal of this action.

7        (3)    The Clerk of Court must mail Petitioner a court-approved form for filing a

8    "Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal

9    Custody."

10        DATED this 15th day of August, 2012.

11

12    _A. Murray Snow_

13    G. Murray Snow
    United States District Judge

**Instructions for Filing a Petition Under 28 U.S.C. § 2241
for Writ of Habeas Corpus by a Person in Federal Custody
in the United States District Court for the District of Arizona**

1.  <u>Who May Use This Form</u>.  If you are detained in Arizona, you may use this form to challenge your detention by federal immigration authorities or to challenge the execution of your federal sentence by the United States Bureau of Prisons.  You are asking for release or earlier release on the grounds that your detention or future detention violates the United States Constitution or other federal law. You should not use this form to challenge a state or federal judgment of conviction or sentence.  If you are challenging a conviction or sentence entered against you by a state court, you should file a petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody.  If you are challenging a judgment of conviction or sentence entered by a federal court, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.  Any claim that may be brought or has already been brought in a motion under 28 U.S.C. § 2255 may not be brought using this form unless it appears that the § 2255 motion is inadequate or ineffective to test the legality of your detention. **This form should not be used in death penalty cases.**  If you were sentenced to death, you are entitled to the assistance of counsel and you should request the appointment of counsel.

2.  <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.5(a) provides that habeas corpus petitions must be filed on the court-approved form.**  The form must be typed or neatly handwritten.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages.  The form, however, must be completely filled in to the extent applicable.  You do not need to cite law.  If you want to file a brief or arguments, you must attach a separate memorandum.

3.  <u>Your Signature</u>. You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing Fee</u>.  The filing fee for this action is $5.00.  If you are unable to pay the filing fee, you may request permission to proceed *in forma pauperis* by completing and signing the Application to Proceed *In Forma Pauperis* provided with the petition form.  You must have an official at the prison or jail complete the certificate at the bottom of the application form.  If the amount of money in your account exceeds $25.00, you must pay the $5.00 filing fee.  LRCiv 3.5(b).

5.  <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your petition and of any other document submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6.  <u>Where to File</u>.  You should **file your petition in the division where you are detained**.  <u>See</u> LRCiv 5.1(a).  If you are detained in Maricopa, Pinal, Yuma, La Paz, or Gila County, you should file your petition in the Phoenix Division.  If you are detained in Apache, Navajo, Coconino, Mohave, or Yavapai County, you should file your petition in the Prescott Division.

Revised 3/9/07                                        1

If you are detained in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, you should file your petition in the Tucson Division.  See LRCiv 5.1(b) and 77.1(a).  **Mail the original and one copy of your petition with the $5.00 filing fee or the application to proceed *in forma pauperis* to:**

| | | |
|---|---|---|
| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7.  Change of Address.  You must immediately notify the Court and respondents in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  Certificate of Service.  You must provide the respondents with a copy of any document you submit to the Court (except the initial petition and application to proceed *in forma pauperis*). Each original document (except the initial petition and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the respondents and the address to that it was mailed.  Fed. R. Civ. P. 5(a), (d).  Any document received by the Court which does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed
this _____ (month, day, year) to:
Name:  _____
Address:_____
              Attorney for Respondent(s)
_____
(Signature)

9.  Amended Petition.  If you need to change any of the information in the initial petition, you must file an amended petition.  **The amended petition must be written on the court-approved petition for writ of habeas corpus form.**  You may file one amended petition without leave (permission) of Court before any respondent has answered your original petition.  See Fed. R. Civ. P. 15(a).  After any respondent has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended petition.  LRCiv 15.1.  An amended petition may not incorporate by reference any part of your prior petition.  LRCiv 15.1(a)(2).  **Any grounds not included in the amended petition are considered dismissed**.

10.  Exhibits.  If available, you should attach a copy of all federal court and administrative written decisions regarding the detention you are challenging.  You should **not** submit any other exhibits with the petition.  Instead, the relevant information should be paraphrased in the petition.

2

11. <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12. <u>Exhaustion</u>.  In order to proceed with this petition in federal court, you ordinarily must exhaust any administrative remedies available to you.  If you did not fairly present each of your grounds to the appropriate administrative agencies, your petition may be dismissed.


## FINAL NOTE

You should follow these instructions carefully.  Failure to do so may result in your petition being stricken or dismissed by the Court.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the petition is being continued and number all pages.

_____
Name and Prisoner Number/Alien Registration Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,  )
(Full Name of Petitioner)                  )
                                            )
                    Petitioner,            )   CASE NO. _____
                                            )        (To be supplied by the Clerk)
            vs.                             )
                                            )
_____ ,  )   **PETITION UNDER 28 U.S.C. § 2241**
(Name of Warden, Jailor or authorized person )   **FOR A WRIT OF HABEAS CORPUS**
having custody of Petitioner)               )   **BY A PERSON IN FEDERAL CUSTODY**
                                            )
                    Respondent.            )
_____   )

## PETITION

1. What are you challenging in this petition?
   ☐ Immigration detention
   ☐ Bureau of Prisons sentence calculation or loss of good-time credits
   ☐ Probation, parole or supervised release
   ☐ Other (explain): _____
   _____

2. (a) Name and location of the agency or court that made the decision you are challenging: _____
   _____

   (b) Case or opinion number: _____

   (c) Decision made by the agency or court: _____
   _____
   _____

Revised 3/9/07                              1                              **530**

(d)  Date of the decision: _____

3.   Did you appeal the decision to a higher agency or court?    Yes ☐    No ☐

If yes, answer the following:

(a)  First appeal:

     (1)  Name of the agency or court: _____

     (2)  Date you filed: _____

     (3)  Opinion or case number: _____

     (4)  Result: _____

     (5)  Date of result: _____

     (6)  Issues raised: _____

          _____

          _____

          _____

     **Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

(b)  Second appeal:

     (1)  Name of the agency or court: _____

     (2)  Date you filed: _____

     (3)  Opinion or case number: _____

     (4)  Result: _____

     (5)  Date of result: _____

     (6)  Issues raised: _____

          _____

          _____

          _____

     **Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

(c)  Third appeal:

     (1)  Name of the agency or court: _____

     (2)  Date you filed: _____

(3)  Opinion or case number: _____

(4)  Result: _____

(5)  Date of result: _____

(6)  Issues raised: _____

_____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

4.  If you did not appeal the decision to a higher agency or court, explain why you did not: _____

_____

_____

_____

_____

5.  Other than the appeals listed above, have you filed any other petitions, applications or motions concerning the issues raised in this petition?        Yes ☐        No ☐

If yes, answer the following:

(a)  Name of the agency or court: _____

(b)  Date you filed: _____

(c)  Opinion or case number: _____

(d)  Result: _____

(e)  Date of result: _____

(f)  Issues raised: _____

_____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

6.  For this petition, **state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States**.  Attach additional pages if you have more than four grounds.  State the <u>facts</u> supporting each ground.

**CAUTION:**  <u>To proceed in the federal court, you must ordinarily first exhaust (use up) your available administrative remedies on each ground on which you request action by the federal court.</u>

**GROUND ONE**: _____

_____

_____

_____

_____

_____

   (a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

   (b)  Did you exhaust all available administrative remedies relating to Ground One?     Yes ☐     No ☐

   (c)  If yes, did you present the issue to:
         ☐ The Board of Immigration Appeals
         ☐ The Office of General Counsel
         ☐ The Parole Commission
         ☐ Other: _____

   (d)  If you did not exhaust all available administrative remedies relating to Ground One, explain why:

_____

_____

_____

_____

_____

_____

_____

4

**GROUND TWO**: _____

_____

_____

_____

_____

_____

(a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b)  Did you exhaust all available administrative remedies relating to Ground Two?      Yes ☐     No ☐

(c)  If yes, did you present the issue to:
    ☐ The Board of Immigration Appeals
    ☐ The Office of General Counsel
    ☐ The Parole Commission
    ☐ Other: _____

(d)  If you did not exhaust all available administrative remedies relating to Ground Two, explain why:

_____

_____

_____

_____

_____

_____

_____

5

**GROUND THREE**: _____

_____

_____

_____

_____

_____

    (a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

    (b)  Did you exhaust all available administrative remedies relating to Ground Three?     Yes ☐     No ☐

    (c)  If yes, did you present the issue to:
           ☐ The Board of Immigration Appeals
           ☐ The Office of General Counsel
           ☐ The Parole Commission
           ☐ Other: _____

    (d)  If you did not exhaust all available administrative remedies relating to Ground Three, explain why:

_____

_____

_____

_____

_____

_____

_____

**GROUND FOUR**: _____

_____
_____
_____
_____
_____

(a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

(b)  Did you exhaust all available administrative remedies relating to Ground Four?      Yes ☐      No ☐

(c)  If yes, did you present the issue to:
            ☐ The Board of Immigration Appeals
            ☐ The Office of General Counsel
            ☐ The Parole Commission
            ☐ Other: _____

(d)  If you did not exhaust all available administrative remedies relating to Ground Four, explain why:

_____
_____
_____
_____
_____
_____
_____

7

**Please answer these additional questions about this petition:**

7.   Are you challenging your conviction or sentence in any of the grounds raised above?  Yes ☐       No ☐
(Claims challenging a federal conviction or sentence may only be raised in a motion under 28 U.S.C. § 2255, unless the § 2255 motion is legally inadequate or ineffective.)

     If yes, answer the following:

     (a)   Have you filed a motion under 28 U.S.C. § 2255?        Yes ☐       No ☐

          If yes, answer the following:

          (1)  Name of court: _____

          (2)  Case number: _____

          (3)  Opinion or case number: _____

          (4)  Result: _____

          (5)  Date of result: _____

          (6)  Issues raised: _____

                        _____

                        _____

          **Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

     (b)   Explain why the remedy under § 2255 is inadequate or ineffective: _____

     _____

     _____

     _____

     _____

8.   If this case concerns immigration removal proceedings, answer the following:

     (a)   Date you were taken into immigration custody: _____

     (b)   Date of removal or reinstatement order: _____

     (c)   Did you file an appeal with the Board of Immigration Appeals?        Yes ☐       No ☐

          (1)  Date you filed: _____

          (2)  Case number: _____

(3) Result: _____

(4) Date of result: _____

(5) Issues raised: _____

_____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

(d)   Did you file an appeal with the federal court of appeals?        Yes ☐        No  ☐

(1) Name of the court: _____

(2) Date you filed: _____

(3) Case number: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

9.    Petitioner asks that the Court grant the following relief: _____

_____

_____

_____

or any other relief to which Petitioner may be entitled.  (Money damages are not available in habeas corpus cases.)


        I declare under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____(month, day, year).


_____

**Signature of Petitioner**


_____          _____

Signature of attorney, if any                                    Date