**WO** SC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| William Phillip Murphy, | ) | No. CV 12-1390-PHX-GMS (DKD) |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Federal Bureau of Prisons, | ) | |
| Respondent. | ) | |

Petitioner William Phillip Murphy, who resides at Behavioral Systems Southwest, a federal halfway house in Florence, Arizona, filed a *pro se* Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody and paid the $5.00 filing fee. (Doc. 1.) Because Petitioner failed to name a proper Respondent, his Petition was dismissed with leave to amend. (Doc. 4.) Petitioner has filed a First Amended Petition in which he names the Federal Bureau of Prisons (BOP) and the Program Director of Behavioral Systems Southwest, Eleanor Jaurez. (Doc. 5.) The Court will require a response to the First Amended Petition.

**I.    Background**

Petitioner was convicted by a jury of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) & 924(a)(2) in this District. United States v. Murphy, No. CR09-0479-PHX-JAT, doc. 112. On April 1, 2010, Petitioner was sentenced to 45 months

TERMPSREF

1  in prison followed by three years on supervised release. Id., doc. 132. On July 21, 2011, the
2  Ninth Circuit denied Petitioner's appeal. Id., doc. 153.

3  Petitioner alleges the following additional facts: the sentencing Court recommended
4  that Petitioner participate in a drug treatment program. On October 1, 2010, he entered into
5  a Residential Drug Abuse Program (RDAP). (Doc. 5, ex. 1.) On October 28, 2010,
6  Petitioner was denied an early release incentive pursuant to 18 U.S.C. § 3621(e) as precluded
7  under Program Statement (PS) 5162.05 based on his current conviction and an August 1989
8  conviction, pursuant to 28 C.F.R. § 550.55. (Id. at 2.) Petitioner completed RDAP on July
9  22, 2011. (Id.) On April 12, 2011, Petitioner commenced the administrative process
10 concerning the denial of an early release incentive pursuant to PS 1330.7. (Id.) Petitioner
11 based his appeals on Ninth Circuit decisions that differed from Fifth Circuit law regarding
12 early release incentives. Petitioner's appeals were denied pursuant to Fifth Circuit authority.
13 Petitioner is now housed in a residential re-entry center in Arizona and remains subject to
14 BOP authority. Petitioner argues that he is eligible for early release incentives under Ninth
15 Circuit law and that he has administratively exhausted his claims.

16 **II.    First Amended Petition**

17 In his First Amended Petition, Petitioner names the BOP and Eleanor Jaurez, the
18 Program Director of Behavioral Systems Southwest as Respondents. Petitioner raises two
19 grounds for relief. In Ground One, Petitioner alleges that although convicted in Arizona, he
20 was transferred to FCI-Bastrop, Texas, to serve his sentence. Petitioner contends that BOP
21 sent him to Texas with the knowledge and intent that he would be denied RDAP credit under
22 Fifth Circuit law, unlike Ninth Circuit law. Petitioner argues that he is now entitled to a
23 reduction of his sentence for successfully completing his RDAP program under Ninth Circuit
24 law. In Ground Two, Petitioner alleges that he was wrongfully denied a transfer back to
25 Arizona as an incentive for RDAP participation, where he would have received early release
26 credit for completing RDAP. The Court will require Respondent to answer the Petition.
27 /   /   /
28 /   /   /

1 **III.    Warnings**

2      **A.    Address Changes**

3 Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

     **B.    Copies**

Petitioner must serve Respondent, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

     **C.    Possible Dismissal**

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    The Clerk of Court must serve a copy of the Summons, the First Amended Petition (Doc. 5), and this Order upon the United States Attorney for the District of Arizona by certified mail addressed to the civil process clerk at the office of the United States Attorney pursuant to Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure. The Clerk of Court must also send by certified mail a copy of the Summons, the First Amended Petition, and this Order to the United States Attorney General pursuant to Rule 4(i)(1)(B) **and** to Respondent pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure.

(2)    Respondent must answer the First Amended Petition within 20 days of the date of service. Respondent shall not file a dispositive motion in place of an answer without first showing cause as to why an answer is inadequate.

1      (3)     Petitioner may file a reply within 30 days from the date of service of the answer.

2      (4)     This matter is referred to Magistrate Judge David K. Duncan pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a Report and Recommendation.

DATED this 11th day of October, 2012.

*A. Murray Snow*
/G. Murray Snow
United States District Judge

TERMPSREF

- 4 -