1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

9  William Phillip Murphy,                )    No. CV-12-1390-PHX-GMS (DKD)
                                          )
10               Petitioner,              )
                                          )
11  vs.                                   )    **REPORT AND RECOMMENDATION**
                                          )
12  Federal Bureau of Prisons, et al.,    )
                                          )
13               Respondents.             )
                                          )
14  _____ )

15  TO THE HONORABLE G. MURRAY SNOW, UNITED STATES DISTRICT JUDGE:

16          On June 28, 2012, William Phillip Murphy filed a Petition for Writ of Habeas Corpus

17  pursuant to 28 U.S.C. § 2241, and following the district court's dismissal with leave to

18  amend, on September 18, 2012 he filed an Amended Petition.  In his Amended Petition he

19  argues that he is eligible for early release following completion of the Residential Drug

20  Abuse Program (RDAP) authorized by 18 U.S.C. § 3621(e).  He argues that because he was

21  incarcerated in the Fifth Circuit, where he was ineligible for early release, instead of in the

22  Ninth Circuit, where he would have been eligible, he was wrongly denied the opportunity for

23  early release by being held in Texas rather than in Arizona.  Murphy has fully exhausted his

24  administrative remedies prior to filing his federal petition.  Respondents contend that Murphy

25  is ineligible in either jurisdiction based upon his criminal history, and therefore the petition

26  should be denied and dismissed with prejudice.  The Court agrees and recommends that the

27  petition be denied.

28

1

**BACKGROUND**

2      Following his conviction for Felon in Possession of a Firearm, Murphy was sentenced

3  in the District of Arizona on April 1, 2010, to a term of 45 months followed by 3 years of

4  supervised release.  He was designated to FCI Bastrop, Texas, and arrived there on May 28,

5  2010 (Doc. 10, Exh 1, ¶ 3).  Murphy entered into RDAP on October 1, 2010, and began

6  participating on October 22, 2010 (Doc. 5, Exh 1; Doc. 10, Exh 1, ¶ 2).  On October 28,

7  2010, the BOP's Designations and Sentence Computation Center computed Murphy's

8  eligibility for a § 3621(e) sentence reduction, and denied him an early release incentive, as

9  precluded under Program Statement 5162.05, based on his current conviction for Felon in

10  Possession, and a prior conviction for Aggravated Assault, pursuant to 28 C.F.R. § 550.55

11  (*Id.*, Attachment 2).  Murphy completed RDAP on July 22, 2011 (*Id.*, Exh 1, ¶ 2).  Murphy

12  is currently serving a three-year term of supervised release (*Id.*, Exh 1, ¶ 5).

13

**DISCUSSION**

14      Section 3621(b)(3) allows for early release as a discretionary incentive that may be

15  granted by BOP to prisoners who successfully participate in the RDAP.  Under the current

16  regulations,[1] several categories of inmates, however, are not eligible for early release,

17  including inmates with a prior felony or misdemeanor conviction for aggravated assault or

18  an offense that involved the carrying, possession, or use of a firearm or other dangerous

19  weapon.  28 C.F.R. § 550.55(b)(4), (5).  Murphy has a prior 1989 state conviction for

20  aggravated assault, and has a current conviction for Felon in Possession of a Firearm.  *See*

21  Exh 1, Attachments 5, 6; ¶ 3, Attachment 3.  Murphy is therefore ineligible for early release.

22

23  _____

24      [1]The Ninth Circuit ruled that previous regulations categorically excluding prisoners
with convictions involving firearms and for aggravated assault from eligibility for early
25  release were invalid. *Arrington v. Daniels*, 516 F.3d 1106, 1109 (9th Cir. 2008); *Crickon v.*
*Thomas*, 579 F.3d 978, 987 (9th Cir. 2009).  New regulations, which took effect in 2009 and
26  therefore apply to Murphy, have been upheld. *Peck v. Thomas*, 697 F.3d 767, 771 (9th Cir.
27  2012).

28

1    Murphy also argues that he was denied a request for a "nearer release transfer" to the

2    District of Arizona, an incentive for successful participation in RDAP.  *See* 28 C.F.R. §

3    550.54(a)(2)(iii).  He maintains that if he had been transferred, he would have been eligible

4    for early release.  The Court has already ruled that Murphy would not have been eligible for

5    early release, so the transfer would have made no difference.  In addition, Murphy

6    characterizes BOP's decision as arbitrary and capricious, an abuse of discretion, and contrary

7    to their own program statement.  Murphy alleges that his request was denied in order to

8    deliberately and selectively limit his incentives.  The Court lacks jurisdiction to  review

9    individualized RDAP determinations made pursuant to § 3621.  *Reeb v. Thomas*, 636 F.3d

10   1224, 1228 (9th Cir. 2011).  Judicial review is limited to allegations that such action is

11   contrary to established federal law or the United States Constitution, or that BOP exceeded

12   its statutory authority.  *Id.*  Murphy does not allege a constitutional or statutory violation, or

13   that BOP exceeded its statutory authority.  Noncompliance with a BOP program statement

14   is not a violation of federal law.  *Id*. at 1227.

15   **IT IS THEREFORE RECOMMENDED** that Murphy's Amended Petition for Writ

16   of Habeas Corpus be **denied and dismissed with prejudice** (Doc. 5).

17   This recommendation is not an order that is immediately appealable to the Ninth

18   Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

19   Appellate Procedure, should not be filed until entry of the district court's judgment.  The

20   parties shall have fourteen days from the date of service of a copy of this recommendation

21   within which to file specific written objections with the Court.  *See*, 28 U.S.C. § 636(b)(1);

22   Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure.  Thereafter, the parties have fourteen

23   days within which to file a response to the objections.  Failure timely to file objections to the

24   Magistrate Judge's Report and Recommendation may result in the acceptance of the Report

25   and Recommendation by the district court without further review.  *See United States v.*

26   *Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure timely to file objections to any

27   factual determinations of the Magistrate Judge will be considered a waiver of a party's right

28

1    to appellate review of the findings of fact in an order or judgment entered pursuant to the

2    Magistrate Judge's recommendation.  *See* Rule 72, Federal Rules of Civil Procedure.

3         DATED this 3rd day of May, 2013.

4

5

                          _____

6                               David K. Duncan
                            United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28